SAMUEL BAGBY, ET AL. *v.* J. C. EVERSOLE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—365.]

**Purchase by Commissioner from Himself.**

It is contrary to the policy of the law to sanction the purchase by a commissioner from himself either openly or through others of property that he as commissioner is required to sell to the highest bidder.

APPEAL FROM PERRY CIRCUIT COURT.

November 15, 1884.

OPINION BY JUDGE PRYOR:

As we learn from an examination of the record the appellant Bagby (Begley) had obtained a judgment in equity in the Perry Circuit Court for the sale of certain lands belonging to one Smith to satisfy a debt due him by Smith. This land was sold and Bagby (Begley), the plaintiff, became the purchaser and obtained a deed for the land and afterwards sold it by himself or agent to his co-appellant, Thomas. The appellee was the Commissioner in Chancery required to make the sale and execute the conveyance. He did make it and now claims that by a parol agreement made between him and Bagby (Begley) before the sale was made that he, Bagby, (Begley), was to make the purchase and they, the Commissioner and Bagby (Begley), were to own the land jointly. In other words the Commissioner became a joint purchaser with Bagby (Begley), of the land he was ordered to sell.

It is conceded that this agreement was in parol and with the character of testimony before us if there was no other obstacle in the way we would have some reluctance in enforcing such a parol agreement upon the idea that one was holding in trust for the other. It is needless however to discuss this question as the Chancellor will not permit his commissioner to make purchases at his own sales, or to receive the benefits resulting from purchases made by others under an agreement whether in writing or by parol that he is to be regarded as a joint purchaser. However honest the intention of the commissioner may have been, or the good faith which he may have acted no boundary line can well be marked out by which the purchase by the commissioner can be sustained in the one case and denied in the other. It is against the policy of the law and must necessarily result injuriously to litigants to sanction the purchase by a commissioner either openly or through others of property that he as commissioner is required to sell to the highest bidder. The temptation to prevent competition under such circumstances and to knock the property off to the bidder with whom the commissioner has become jointly interested would be so great as to lead to fraudulent practices and corrupt bargains and while the

facts before us do not indicate fraud or unfairness the Chancellor will not stop to inquire as to the good faith of the transaction and it is immaterial whether the suit is by the debtor to set aside the sale or by the commissioner to enforce the contract as against his co-purchaser. The commissioner in this case agreed to sell the land to himself and Bagby (Begley) and did so sell it and now asks that the contract be enforced. The Chancellor will not entertain the claim to relief under such circumstances and it is immaterial how fair the sale may have been conducted, or how just the competition in the bidding. This court in the recent case of *Titherington's Admr. v. Hodge, &c.,* 81 Ky., 286. said that "The officer will not be permitted to derive any benefit from such a purchase and to establish a contrary rule would be an inducement to the officers of the court who have the control of property and the distribution of the proceeds of sale to protract the litigation until all parties in interest are ready to sacrifice their claims in order to have it ended." In that case the commissioner was dealing in claims that the collection of had been procrastinated for years by litigation.

High on Receivers, says when discussing the relation of the fiduciary to the fund under his control "the general rule as above stated denying receivers the privilege of becoming purchasers of property pertaining to their trust is entirely independent of the question whether any fraud in fact has intervened." The general doctrine is too well understood to be discussed and when one intrusted with the duty of selling real estate, as an officer of the court makes the sale, executes the deed and afterwards applies to the Chancellor to enforce an executory contract on the ground that the purchase was made for his benefit or that he was jointly interested his petition should be dismissed. His fiducial relation under such circumstances prevents him from becoming a bidder either in person or by another for his own benefit.

Judgment *reversed* with directions to dismiss the petition.

*Wm. Lindsay, G. W. & B. F. French, for appellants.*

*John L. Scott, for appellees.*

[Cited, in *Penn v. Rhoades,* 124 Ky. 803, 100 S. W. 288.]